| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-2(c)**<br>**FOX ROTHSCHILD LLP**<br>(Formed in the Commonwealth of Pennsylvania)<br>Raymond T. Lyons, Esquire<br>Samuel H. Israel, Esquire<br>Martha B. Chovanes, Esquire<br>Princeton Pike Corporate Center<br>997 Lenox Drive, Building 3<br>Lawrenceville, NJ 08648-2311<br>Tel: (609) 896-3600 ; Fax: (609) 896-1469<br>rlyons@foxrothschild.com<br>sisrael@foxrothschild.com<br>mchovanes@foxrothschild.com<br><br>*Attorneys for Ezra Beyman* |

| | |
|---|---|
| In re:<br><br>EZRA BEYMAN,<br><br>                Debtor. | Case No. 14-28775 (CMG)<br><br>Involuntary Chapter 7 |

**BRIEF IN SUPPORT OF MOTION OF EZRA BEYMAN
TO DISMISS THE INVOLUNTARY PETITION FOR INSUFFICIENT
SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

Ezra Beyman, putative debtor herein ("Mr. Beyman"), by and through his attorneys Fox Rothschild LLP, respectfully submits the following brief in support of his motion to dismiss the involuntary chapter 7 bankruptcy petition for insufficient service of process and lack of personal jurisdiction pursuant to Fed. R. Bankr. P. 1010, 7012 and 7004 (the "Motion").

**I.     INTRODUCTION**

This involuntary case was commenced in egregious bad faith by LNR Partners, LLC ("LNR"), using as its instrumentality three entities which it dominates and controls.   Arne Shulkin of LNR signed the involuntary petition on behalf of each of these entities, stating that

27987576v1 11/03/2014

LNR is the Manager of each of these entities. This is just one of many indicia that the filing of the involuntary petition is merely the latest vindictive chapter in an ongoing two party dispute between Ezra Beyman, the alleged debtor, and LNR which is currently the subject of pending litigation in Texas. Notably, although upon the filing of the involuntary petition the automatic stay went into effect, LNR never notified the Texas appellate court in which it has filed an appeal of a trial court ruling in favor of Mr. Beyman of the involuntary petition. In the event LNR is able to effectuate service upon Mr. Beyman in this case, he intends to move to dismiss the petition on the ground, inter alia, that this is a bad faith filing.

Consistent with LNR's pattern of bad faith conduct it has filed a false affidavit of service attesting to service upon Mr. Beyman. Oddly, although the petitioning creditors are well aware that Mr. Beyman resides in New Jersey -- the involuntary petition was filed in New Jersey, the petition lists his residence as Lakewood New Jersey, and counsel for the petitioning creditors acknowledges that their process server and investigator were told by residents of Mr. Beyman's former residence that he now resides in Lakewood, New Jersey -- they have chosen to serve him at an address in Brooklyn, New York, where they know he does not reside. They offer no basis for doing so other than the cryptic and self-contradictory statement that some unnamed party informed the process server that Mr. Beyman resides in Brooklyn. He does not. As discussed below and in the accompanying affidavits, the petitioning creditors have failed to effectuate service of the involuntary petition and therefore the Court lacks jurisdiction over Beyman.

## II.    FACTUAL BACKGROUND

The involuntary chapter 7 petition against Mr. Beyman was filed on September 12, 2014. LNR has not sought with any deliberate speed to serve the summons and involuntary petition on

Mr. Beyman, and as of the date of the filing of this Motion, Mr. Beyman has not been served with the summons and involuntary petition.

On October 9, 2014, this Court entered an Order To Show Cause to Dismiss the Involuntary Chapter 7 case, with prejudice, for failure to file a certificate of service. On October 28, 2014, in an effort to avoid the dismissal of the involuntary petition with prejudice, LNR filed an affidavit of service (the "Affidavit") of the process server Hamid Nazemi ("Mr. Nazemi"). The Affidavit is attached hereto as Exhibit A and incorporated herein by reference.

The Affidavit indicates that on October 16, 2014 at 4 p.m. Mr. Nazemi served the summons and involuntary petition on Ezra Beyman at 2279 Coney Island Avenue, Brooklyn, NY. The Involuntary Petition lists Mr. Beyman's address as Lakewood, New Jersey. In addition, the Complaint filed by Mr. Beyman against LNR filed in Texas State Court, attached as Exhibit A to LNR's letter response filed with this Court on October 31, 2014 at Docket No. 11, clearly discloses in paragraph 1 that Mr. Beyman resides in the state of New Jersey. Nevertheless, for some unexplained reason, Mr. Nazemi was directed to Brooklyn, New York. One could infer that the source of this erroneous information was LNR. The Affidavit further indicates that the involuntary petition and summons were delivered to Wikler, a person of suitable age and discretion, and that the premises at which it was served was Mr. Beyman's "dwelling place usual place of abode within the state." The Affidavit further states: "Upon initial contact, he identified himself as EZRA BEYMAN but after receipt of the petition/summons, he said he was WIKLER and stated that EZRA BEYMAN is his brother, that he resided at this address and accepted service for him. I believe this man, was in fact, EZRA BEYMAN."

The Affidavit of Mr. Nazemi is disputed and should be stricken. As indicated in the certification of Ezra Beyman filed contemporaneously herewith (the "Beyman Certification"),

3

Mr. Beyman was not served with the summons and involuntary petition on October 16, 2014 as indicated in the Affidavit as he was out of the country at that time. Beyman Certification, ¶ 3. In fact, Mr. Beyman has never encountered Mr. Nazemi nor has he been served with the summons and involuntary petition. Beyman Certification, ¶ 4. Moreover, Mr. Beyman does not reside in Brooklyn, but rather in Lakewood, New Jersey. Beyman Certification, ¶ 5.

As indicated in the certification of Meir Wikler filed contemporaneously herewith (the "Wikler Certification"), Mr. Wikler is Mr. Beyman's brother in law. Wikler Certification, ¶ 2. Mr. Nezemi did speak with Mr. Wikler on October 16, 2014, but the conversation took place at Mr. Wikler's residence at 4713 17th Avenue in Brooklyn, NY, not at 2279 Coney Island Avenue as indicated in the Affidavit. Wikler Certification, ¶ 4. More importantly, Mr. Wikler did not initially identify himself as Ezra Beyman, did not state that Mr. Beyman was his brother, and did not accept service on Mr. Beyman's behalf. Wikler Certification, ¶ 4. In fact, Mr. Wikler is not authorized to accept service of any papers on behalf of Mr. Beyman. Wikler Certification, ¶ 5, Beyman Certification, ¶ 6.

### III. LEGAL ARGUMENT

**A.    LNR Failed To Properly Serve The Summons and Involuntary Petition.**

Upon the filing of an involuntary petition, Rule 1010(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires the clerk to issue a summons and requires service of the summons and involuntary petition on the putative debtor in the manner provided for personal service of a summons and complaint in Bankruptcy Rule 7004(a) or (b).

Bankruptcy Rule 7004(a) provides for personal service pursuant to Federal Rule 4(e)-(j). Federal Rule 4(e)[1] provides for serving an individual as following:

> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[2]; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Despite the fact that the involuntary petition lists Mr. Beyman's address as Lakewood, New Jersey, LNR directed its process server to Brooklyn, New York.

Rule 12(b)(5), made applicable by Bankruptcy Rule 7012(b) "permits a challenge to the method of service attempted by the plaintiff" or to the lack of service. *See* Fed. R. Civ. P. 12(b)(5). When a party raises a Rule 12(b)(5) challenge, the party attempting service, here LNR, bears the burden of proving the adequacy of service. Wanamaker v. National Data Research, 2013 WL 7208644 *2 (W.D.N.Y. Oct. 30, 2013)(*citing* Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F.Supp. 2d 367, 384 (S.D.N.Y. 2006); Preston v. New York, 223 F.Supp. 2d 452, 466 (S.D.N.Y.2002)); Norlock v. City of Garland, 768 F.2d 654, 656 (5th Cir.1985). Moreover, "[c]onclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process." Beatie and

---

[1] The purpose of strict compliance with certain requirements of service is to ensure formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 108 S.Ct. 2104, 2108 (1988).

[2] Whether a particular place is a person's "usual place of abode" is a question of fact. First Nat'l Bank & Trust Co. v. Ingerton, 207 F.2d 793, 795 (10th Cir.1953); *see also* 4A Wright and Miller Federal Practice & Procedure § 1096 (3d ed. 2002)("Despite the length of time these words have been a part of federal practice, the judicial decisions do not make clear precisely what they mean and the facts of a particular case often prove to be crucial.").

27987576v1 11/03/2014

Osborn LLP at 384 (*citing* Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y. 1997 *aff'd* 173 F.3d 844 (2nd Cir. 1999)).

LNR chose to attempt to serve the summons and involuntary petition on Mr. Beyman pursuant to Bankruptcy Rule 7004(a)(1) and Federal Rule 4(e).  Significantly, LNR failed to comply with any of the three methods of service allowed by Federal Rule 4(e).  First, LNR did not deliver the summons and involuntary petition to Mr. Beyman individually.  *See* Beyman Certification, ¶ 3.  Second, LNR did not leave a copy of the summons and involuntary petition at Mr. Beyman's dwelling or usual place of abode.  *See* Beyman Certification, ¶ 4.  LNR stated on the involuntary petition that Mr. Beyman's residence is in Lakewood, New Jersey.  Thus, even a cursory review of Mr. Nazemi's Affidavit asserting service of Mr. Beyman in Brooklyn, New York should have alerted LNR that service of the summons and involuntary petition had not been properly affected.  Third, LNR did not deliver a copy of the documents to an authorized agent of Mr. Beyman. *See* Beyman Certification, ¶ 6 and Wikler Certification, ¶ 5.  Thus, Mr. Beyman has not been properly served.

**B.    The Involuntary Petition Should Be Dismissed or Service Should Be Quashed.**

Upon determining that process has not been properly served, the courts possess broad discretion to either dismiss the involuntary petition for failure to effect service or to simply quash service of process.  Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1991).

In the instant case, LNR was aware that Mr. Beyman lives in Lakewood, New Jersey, and yet it filed the Affidavit indicating service in Brooklyn, New York.  It knew or should have known that Mr. Beyman's residence was not in Brooklyn, New York, and its filing of the false Affidavit should not be countenanced.  The involuntary petition should therefore be dismissed rather than merely quashed.

    **C.    Because Mr. Beyman Has Not Been Served, The Court Does Not Have Personal Jurisdiction Over Him**

Until a defendant has been served with process in accordance with Rule 4 of the Federal Rules, a federal court may not exercise personal jurisdiction over him. Coleman v. Sellars, 2014 WL 1095004 (N.D. Tx. Feb. 23, 2014)( citing Omni Capital International, Ltd. V Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 S.Ct. 404 (1987)). Lack of personal jurisdiction under Rule 12(b)(2) and insufficient service of process under Rule 12(b)(5) are "closely interrelated" questions. 5B Wright and Miller Federal Practice and Procedure § 1353, at 338 (3d ed. 2002). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Everette v. Ocwen Loan Servicing LLC and Deutsche Bank National Trust Company N.A., 2014 WL 4385741 *6 (Bankr. S.D.Ga. Sept. 4, 2014 (citing Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir.1990)).

Because Mr. Beyman has not been properly served with the summons and involuntary petition, this Court currently lacks personal jurisdiction over him.

**IV.    CONCLUSION**

As set forth above in detail and despite the fact that LNR is aware that Mr. Beyman lives in Lakewood, New Jersey, Mr. Beyman has not been properly served with the summons and involuntary chapter 7 petition filed by LNR. Thus, the involuntary petition should be dismissed with prejudice. In the alternative, service of the summons and petition should be quashed.

Dated: November 3, 2014                          Respectfully submitted,

                                                                              FOX ROTHSCHILD LLP

                                                                              /s/ Raymond T. Lyons
                                                                              Raymond T. Lyons, Esquire
                                                                              Samuel S. Israel, Esquire
                                                                              Martha B. Chovanes, Esquire
                                                                              *Attorneys for Ezra Beyman*